JS-6

FILED
CLERK, U.S. DISTRICT COURT
12/30/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| BRENT HESSELINK,<br><br>   Plaintiff,<br><br>  v.<br><br>AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS and DOES 1–100<br><br>   Defendants. | Case No.: SACV 20-02051-CJC(DFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 11]** |

**I. INTRODUCTION & BACKGROUND**

Plaintiff Brent Hesselink brings this employment action against Defendant American Family Life Assurance Company of Columbus and unnamed Does. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) He filed his complaint in California state court under the California Labor Code's Private Attorneys General Act ("PAGA"). (*Id.* ¶ 1.) He alleges several violations of the California Labor Code, including (1) failure to pay all

meal period wages and rest break wages, (2) failure to properly calculate and pay all minimum and overtime wages, (3) failure to provide accurate wage statements, (4) failure to pay all wages due and owed during employment and upon termination of employment, (5) failure to reimburse all necessary business expenses, and (6) misclassification as an independent contractor. (*Id.* ¶¶ 1, 3.) Plaintiff seeks statutory penalties under PAGA as well as attorney's fees. (*Id.* at 8.)

On October 24, 2020, Defendant filed a notice of removal asserting that this Court has diversity jurisdiction over Plaintiff's claims. (Dkt. 1 [hereinafter "NOR"].) Now before the Court is Plaintiff's motion to remand. (Dkt. 11 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotations omitted).

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 11, 2021, at 1:30 p.m. is hereby vacated and off calendar.

## III. DISCUSSION

Plaintiff argues that the Court lacks jurisdiction because Defendant has failed to establish both diversity of citizenship and an amount in controversy over $75,000. The Court considers each argument in turn and concludes that remand is required.

### A. Diversity of Citizenship

Plaintiff does not dispute that his citizenship is diverse from Defendant's as he is a citizen of California while Defendant is a citizen of both Nebraska and Georgia. Rather, Plaintiff argues that the Court should not focus its jurisdictional analysis on Plaintiff's individual citizenship because the real party in interest in PAGA cases is the State of California. Because a state is not a "citizen" for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff contends that there is no basis for diversity jurisdiction. *See Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("[A] suit between a state and a citizen . . . of another state is not between citizens of different states, and [the lower federal courts have] no jurisdiction of it [unless a federal question exists.]"). The Court disagrees.

District courts in the Ninth Circuit "have considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases." *Prestwood v. Marriott Ownership Resorts, Inc.*, 2019 WL 2522674, at *2 (C.D. Cal. June 18, 2019); *Solis v. Dunbar Armored, Inc.*, 2018 WL 259200, at *2 (S.D. Cal. Jan. 2, 2018); *Chavez v. Time Warner Cable LLC*, 2016 WL 1588096, at *2 (C.D. Cal. Apr. 20, 2016). While Plaintiff cites two Ninth Circuit opinions as support for his position, other district Courts have found these opinions inapposite. *E.g.*, *Solis*, 2018 WL 259200, at *2. First, in *Urbino v. Orkin Servs. of California, Inc.*, the plaintiff filed a representative PAGA claim, and the Ninth Circuit considered whether the claims of all

aggrieved employees represented by the plaintiff's PAGA claim could be aggregated to meet the amount-in-controversy requirement for diversity jurisdiction. 726 F.3d 1118, 1123 (9th Cir. 2013). In holding that the claims could not be aggregated, the *Urbino* court declared that "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes." *Id.* But the court did not hold that the state is an actual party to the suit that must be considered when determining whether diversity of citizenship exists. *Prestwood*, 2019 WL 2522674, at *2 (noting that "Plaintiff takes that statement from *Urbino* out of context"). Indeed, the Ninth Circuit has held that "although California may be a real party in interest to a PAGA action, this does not convert California into an actual party to all PAGA litigation." *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 668 (9th Cir. 2011) (citations omitted) (unpublished) (citing *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 934 (2009) ("[T]he United States' status as a 'real party in interest' in a *qui tam* action does not automatically convert it into a 'party'" when it "has declined to bring the action or intervene.")).

Second, Plaintiff relies on *Baumann v. Chase Inv. Servs. Corp.*, where the Ninth Circuit addressed whether the district court had jurisdiction over a PAGA claim under the Class Action Fairness Act ("CAFA"). 747 F.3d 1117, 1124 (9th Cir. 2014). In holding that the district court could not exercise jurisdiction, the court noted that "[b]ecause an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should obtain when a private attorney general is the nominal plaintiff." *Id.* Like *Urbino*, however, *Baumann* does not hold "that in PAGA actions the state is always an actual party or that a representative plaintiff is always a nominal party, thereby precluding diversity jurisdiction." *Solis*, 2018 WL 259200, at *2. Accordingly, the Court is unconvinced by Plaintiff's argument that in PAGA actions, courts must consider the citizenship of the state and not the named plaintiff when determining whether diversity jurisdiction exists.

B.     **Amount in Controversy**

Plaintiff also contends that remand is appropriate because Defendant has not shown that the amount in controversy exceeds $75,000.  Specifically, Plaintiff argues that the Court may consider only Plaintiff's share of PAGA penalties, and not the state's share.  The Court agrees.

Under PAGA, civil penalties recovered by aggrieved employees are distributed as follows: "75 percent to the Labor and Workforce Development Agency ["LWDA"] and 25 percent to the aggrieved employees."  Cal. Lab. Code § 2699(i).  District courts in California disagree about whether the LWDA's portion of potential PAGA penalties can be aggregated with an individual plaintiff's portion of the penalties to determine the amount in controversy.  *Compare, e.g.*, *Lopez v. Ace Cash Express, Inc.*, 2015 WL 1383535 (C.D. Cal. Mar. 24, 2015) (holding that the state's 75% share is not aggregated); *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018) (same); *Adame v. Comtrak Logistics, Inc.*, 2016 WL 1389754, at *5–6 (C.D. Cal. Apr. 7, 2016) (same); *Willis v. Xerox Bus. Servs., LLC*, 2013 WL 6053831, at *9 (E.D. Cal. Nov. 15, 2013) (same), *with, e.g.*, *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014) (holding that the state's 75% share can be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy); *Mitchell v. Grubhub Inc.*, 2015 WL 5096420, at *5–6 (C.D. Cal. Aug. 28, 2015) (same).  In arriving at opposing conclusions, these courts have differed in their interpretation of the Ninth Circuit's decision in *Urbino*, 726 F.3d at 1123.

The Court agrees with the growing number of courts that have held the LWDA's share cannot be aggregated with the aggrieved employee's share for purposes of determining the amount in controversy.  *See, e.g.*, *Garcia v. Commonwealth Fin. Network*, 2020 WL 6886267, at *4 (S.D. Cal. Nov. 24, 2020).  The Ninth Circuit's

opinion in *Urbino* explicitly rejected the argument that an aggrieved employee asserts "not his individual interest but rather the state's collective interest in enforcing its labor laws." *Id*. at 1122–23. "This language implies that, whether the state is deemed a nominal party or a real party in interest, its interest is not to be considered." *Lopez*, 2015 WL 1383535 at *5. Moreover, the *Urbino* Court explained that when determining the amount in controversy, aggregation of claims is appropriate "when neither [party] can enforce [the claim] in the absence of the other." *Urbino*, 726 F.3d at 1122. But PAGA "permits either the LWDA or the aggrieved employees to act independently to enforce the Labor Code." *See Patel*, 58 F. Supp. at 1048 (N.D. Cal. 2014). Thus, *Urbino*'s language combined with the general presumption against diversity jurisdiction, lead the Court to conclude that the LWDA's penalties should not be aggregated with Plaintiff's penalties to determine the amount in controversy. As the court stated in *Urbino*, this is a "quintessential California dispute." *Urbino*, 726 F.3d at 1123.

Considering only 25 percent of the PAGA penalties sought by Plaintiff, the amount in controversy does not exceed $75,000. For purposes of this analysis, the Court accepts Defendant's calculations regarding the potential PAGA penalties that Plaintiff may recover, which at most amount to $148,870. NOR at 8.[2] Twenty-five percent of this amount equals $37,217.50, which is well below the $75,000 amount-in-controversy requirement. Because Plaintiff also seeks attorney's fees, Defendant suggests that the Court add 25 percent of Plaintiff's possible recovery to the amount in controversy as an estimate of attorney's fees that will arise during the course of litigation. (*See* NOR at 9; Dkt. 13 [Opposition] at 16.) But even if the Court were to consider these additional fees, Plaintiff's claims would still fall short of satisfying the amount-in-controversy requirement. The Court therefore lacks jurisdiction over Plaintiff's claims.

---

[2] Plaintiff contests various aspects of Defendant's calculations. (Mot. at 15–18.) However, because the Court concludes that the amount in controversy is below $75,000 using Defendant's calculations, it is unnecessary for the Court to consider Plaintiff's arguments regarding the individual calculations.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.

DATED: December 30, 2020

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE